## VALIDITY OF ORDERS RELATING TO FIRE HAZARDS.

Probate Court of Tuscarawas County.

THE STATE. EX REL, THE STATE FIRE MARSHAL v GEORGE W. BLICKENSDERFER.

Decided April 15, 1925.

*Fire Hazards—Powers and Duties Formerly Vested in the Fire Marshal—Now Transferred to the Department of Commerce.— What Constitutes a Valid Order.*

Under the administrative code, effective July 1, 1921, the position of state fire marshal was abolished and the powers and duties of said state fire marshal were vested in the department of commerce.

All orders, relating to fire hazards, issued under Sections 835 and 836, G. C., eminating from the state must be made in the name of the department of commerce, and such orders must have affixed thereto, the seal of the department of commerce.

*Arthur L. Limbach,* Assistant Prosecuting Attorney, for the state.

*Henry Bowers,* for appellant.

LAMNECK, J.

On February 2, 1925, an inspection of two buildings, located in the city of Uhrichsville, Ohio, and owned by George W. Blickensderfer, was made by T. E. Neer, an inspector of the state fire marshal. As a result of the recommendations contained in the report of the inspector, the state fire marshal issued order No. 54778 and No. 54779, on February 13, 1925, directing the owner of said buildings to raze them, and remove the debris from the premises, within thirty days. On February 16, 1925, copies of said orders were served on the owner, by registered mail. On February 17, 1925, the owner appealed to the state fire marshal for a hearing which was granted.

On February 24, 1925, the fire marshal affirmed the order of February 13, 1925, and extended the time of compliance to March 24, 1925. This order was served on the owner by registered mail on February 25, 1925.

On February 28, 1925, the owner gave notice of appeal and

filed an appeal bond, as required by the statute. A transcript of all the proceedings before the state fire marshal were filed in this court, under date of March 7, 1925. No exceptions were taken at the hearing, regarding the validity of the fire marshal's orders, the sole question presented to the court being whether or not the appeal should be sustained on the merits of the case.

The pertinent part of Section 835, G. C., as it applies to this case, reads as follows:

"The state fire marshal, * * * * upon an examination or inspection, finds a building or other structure, which for want of proper repair, by reason of age and dilapidated condition * * * is especially liable to fire and, which building or structure is so situated as to endanger other buildings or property, such officer shall order such building or buildings to be repaired, torn down, demolished, materials removed, and all dangerous conditions remedied."

Section 836, G. C., provides that the owner can appeal to the state fire marshal for a hearing within three days from the service of the order, and at such hearing the state fire marshal may affirm, modify, revoke, or vacate said order.

Under Section 836-1, G. C., a person aggrieved by the final order of the state fire marshal, made under Section 836, G. C., may appeal to the probate court by giving notice in writing to the state fire marshal, within three days and by giving a proper appeal bond.

Although the question was not raised at the trial of this cause, the court feels that it is important to consider whether or not the orders of the state fire marshal were in conformity with the statutes now in effect.

The original order of the state fire marshal is signed as follows:

"Witness my signature at Columbus, Ohio, this 13 day of February, A. D. 1925. Louis F. Miller, State Fire Marshal."

The seal of the state fire marshal is affixed to said order.

The order issued by the state fire marshal on February 24, 1925, in which the order of February 13, 1925, was affirmed, reads as follows:

Entry—"This case came on for hearing before me, in the office of state fire marshal, Columbus, Ohio, on the 24 day of February, 1925. On consideration of all facts at hand, it is adjudged that the orders should be and are hereby affirmed, and the said G. W. Blickensderfer is hereby ordered to comply with the provisions of orders Nos. 54778 and 54779, by March 24, 1925. Louis F. Miller, State Fire Marshal."
Date 2-25-25.

No seal, of any kind, appears on this entry.

When the administrative code became effective, July 1, 1921, the powers and duties of many of the state departments were abolished and their duties transferred to other departments.

Under Section 154-26 G. C., the office of the state fire marshal was abolished and under 154-39 G. C., the department of commerce was created, vested with all the powers and duties formerly vested in the state fire marshal. The section further provides that where powers are conferred or duties imposed upon the state fire marshal by statute, enacted prior to July 1, 1921, such powers and duties shall be construed as vested in the department of commerce. The court is, therefore, of the opinion that wherever the words "state fire marshal" appear in any of the statutes in effect, prior to the passage of the administrative code, they must be construed "the department of commerce."

Section 154-3 G. C. provides that the department of commerce shall be administered by the director of commerce. Under Section 154-6 G. C., (Administrative Code) the office of "fire marshal" is created within the department of commerce. He can only perform such duties as the director of commerce prescribes under the provisions of Section 154-8, G. C.

It is further provided in Section 154-24 G. C., that rights, powers or duties, previously exercised by the state fire marshal prior to the passage of the administrative code, shall be exercised by the department of commerce and not otherwise.

Section 154-18 G. C., provides that each department shall have an official seal, which shall have engraved thereon the coat of arms of the state, surrounded by the proper name of the department to which may be added the title of any division

within the department if the director of the department shall so prescribe.

In view of all the foregoing sections of the statute, the court is of the opinion that, before a valid order to raze a building can be made under the provisions of Section 835, G. C., by the state itself, it must be made in the name of the department of commerce, and such order should be authenticated by the seal of the department of commerce. Appeals for hearing from orders issued under authority of 835 G. C., should be made to the department of commerce and not to the state fire marshal.

Furthermore, there is nothing in the record to show that the director of commerce has delegated authority to the fire marshal to issue orders of any kind, or that he has authority to hear appeals from orders issued under Section 835, G. C. If such authority has been delegated as authorized under Section 154-8 G. C., the records of the department of commerce should show the same, as required under Section 154-18 G. C.

The court is, therefore, of the opinion that the state fire marshal has no authority to issue any order, unless it is done in the name of the department of commerce; that an order issued by the department of commerce, relating to fire hazards, must be authenticated by the seal of the department of commerce; and not a seal of the fire marshal; that, before the fire marshal can proceed to exercise any authority whatever, power must be delegated to him by the director of commerce, which delegation of authority must be shown on the records of the department of commerce.

None of the foregoing requirements having been complied with, in the orders under consideration, the same are void and of no effect.

The appeal is therefore sustained, without giving any opinion on the merits of the case.